UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT KIRBY,

        Petitioner,                  Case Number: 5:14-CV-10415
                                                  HON. JOHN CORBETT O'MEARA
v.

STEVEN RIVARD,

        Respondent.
                                        /

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

This is a habeas case under 28 U.S.C. § 2254. Petitioner Robert Kirby is a state inmate at the Michigan Reformatory in Ionia, Michigan. He challenges his convictions for first-degree home invasion and possession of a firearm during the commission of a felony. Also before the Court is Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance. The Court grants the motion.

**I.**

Petitioner was charged in Wayne County Circuit Court with 25 total counts: three counts of armed robbery, one count of first-degree home invasion, three counts of unlawful imprisonment, nine counts of receiving/concealing stolen firearms, six counts of larceny of firearms, one count of being a felon in possession of a firearm, one counts of larceny in a building, one count of escape while awaiting trial, and one count of felony

firearm.  In addition, a habitual offender third notice was filed.  Petitioner was on parole at the time he was charged with these offenses.

Petitioner pleaded guilty in Wayne County Circuit Court to first-degree home invasion and possession of a firearm during the commission of a felony, in exchange for the dismissal of the remaining charges.  On February 17, 2011, he was sentenced to 8 to 20 years' imprisonment for the first-degree home invasion conviction and two years' imprisonment for the felony-firearm conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising these claims: (i) counsel improperly waived right to enter a conditional plea, (ii) ineffective assistance of counsel, (iii) counsel failed to investigate, (iv) prosecutorial misconduct, and (v) guilty plea was involuntary.  The Michigan Court of Appeals denied leave to appeal.  *People v. Kirby,* No. 307075 (Mich. Ct. App. Feb. 13, 2012).  The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Kirby,* 492 Mich. 854 (Mich. July 24, 2012).

Petitioner then filed a habeas corpus petition, raising the same claims raised in state court, and a motion for stay.  The Court granted the stay and administratively closed the matter.  After Petitioner exhausted his state court remedies, he returned to this Court.  The Court granted Petitioner's request to reopen the proceedings and to file an amended petition.  Respondent filed an answer in opposition to the amended petition.

Now before the Court is Petitioner's second request for a stay.  Petitioner seeks a stay based upon newly-discovered evidence which forms the basis for a second round of

2

state court collateral proceedings.

**II.**

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay because he is currently seeking collateral review in state court based upon newly-discovered evidence.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court finds that a stay is warranted in this case. First, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Second, Petitioner asserts that he could not have previously exhausted these claims because they are newly-discovered. Third, Petitioner's new claims allege the denial of federally protected constitutional rights. Finally, the Court finds no indication that

Petitioner is engaging in intentionally dilatory litigation tactics.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must also ask this Court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

## III.

Accordingly, the Court GRANTS Petitioner's "Motion to Stay" (ECF No. 20). The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Court further ORDERS that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  August 24, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 24, 2017, using the ECF system and/or ordinary mail.

                                                  s/William Barkholz
                                                Case Manager