UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT KIRBY,

        Petitioner,               Case No.  14-10415
                                                         Honorable Mark A. Goldsmith

v.

STEVEN RIVARD,

        Respondent.

_____/

**OPINION & ORDER
(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING
CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO PROCEED IN
FORMA PAUPERIS ON APPEAL**

Petitioner Robert Kirby filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  At the time he filed his petition, Petitioner was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan.  He has since been released to a term of parole.  Petitioner challenges his convictions for first-degree home invasion, Mich. Comp. Laws § 750.110a, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  The petition raises 15 claims for relief.  For the reasons explained below, the Court denies the petition. The Court denies a certificate of appealability and grants Petitioner leave to proceed on appeal in forma pauperis.

**I.  BACKGROUND**

In 2010, Petitioner was charged in Wayne County Circuit Court with 26 different counts arising from four related cases: three counts for armed robbery, one count for first-degree home invasion, three counts for unlawful imprisonment, nine counts for receiving and concealing stolen firearms, six counts for larceny of a firearm, one count for possession of a firearm during the commission of a felony, one count for larceny in a building, one count for escape while

awaiting trial, and one count for felony firearm.[1] On January 24, 2011, Petitioner pleaded guilty to first-degree home invasion and possession of a firearm during the commission of a felony. 1/24/11 Hr'g. Tr. at PageID.495–498 (Dkt. 19-2). In exchange for the plea, the remaining charges were dismissed. Id. at 498. There was also a sentence agreement of 8 to 20 years for the first-degree home invasion conviction, and 2 years for the felony-firearm conviction and an agreement that the trial court would state on the record that it had no objection to the sentence being concurrent with any sentence Petitioner received in a pending federal criminal case in Florida. Id. at 493–494. On February 17, 2011, Petitioner was sentenced in accordance with the plea agreement (Dkt. 19-3). In September 2011, the trial court denied Petitioner's motion to withdraw his plea (Dkt. 19-4).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising these claims: (i) counsel improperly waived right to enter a conditional plea, (ii) ineffective assistance of counsel, (iii) counsel failed to investigate, (iv) prosecutorial misconduct, and (v) guilty plea was involuntary (Dkt. 19-7). The Michigan Court of Appeals denied leave to appeal. People v. Kirby, No. 307075 (Mich. Ct. App. Feb. 13, 2012) (Dkt. 19-7). The Michigan Supreme Court denied Petitioner's application for leave to appeal. People v. Kirby, 817 N.W.102 (Mich. July 24, 2012).

On January 29, 2014, Petitioner filed a habeas corpus petition, raising the same claims raised in state court, and a motion for stay (Dkt. 1). The Court granted the stay and administratively closed the matter (Dkt. 6).[2] Petitioner filed a motion from relief from judgment in the trial court, raising these claims: (i) guilty plea was illusory because an invalid armed robbery charge was used as a bargaining chip to induce a guilty plea; (ii) appellate counsel was

---

[1] See Wayne County Circuit Court Case Nos. 09-027587, 09-030008, 10-002055, and 10-004084.
[2] The case was originally assigned to Judge John Corbett O'Meara and was reassigned to the undersigned on August 15, 2018.

2

ineffective for failing to raise meritorious issues on direct appeal; and (iii) Petitioner was denied his right to file a meaningful appeal because he was denied a copy of the records and transcripts. After exhausting state court remedies, Petitioner returned to this Court. The Court granted Petitioner's request to reopen the proceeding and to file an amended petition (Dkt. 16). Respondent filed an answer in opposition to the amended petition (Dkt. 18).

On September 22, 2016, Petitioner filed a second request for a stay (Dkt. 20). He sought a stay based upon newly discovered evidence which he stated formed the basis for a second round of state court collateral proceedings. The Court granted the stay and administratively closed the case (Dkt. 22).

On May 16, 2016, Petitioner filed a second motion for relief from judgment raising three claims for relief: (i) he was coerced into pleading guilty by the prosecutor's misconduct; (ii) defense counsel was ineffective for failing to investigate his claims that audio recordings had been altered/tampered with by the prosecution; and (iii) appellate counsel was ineffective for failing to investigate his claims or altered evidence and for failing to move for an evidentiary hearing (Dkt. 32-2). The trial court denied the motion. People v. Kirby, No. 10-004084 (Wayne Cty Cir. Ct. August 16, 2016) (Dkt. 32-3). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising the same three claims presented in the trial court and three additional claims: (i) trial court's decision denying relief from judgment was based on clearly erroneous findings of fact and misapplied the law; (ii) defense counsel was ineffective for failing to challenge the content of a phone conversation with a federal agent; and (iii) appellate counsel was ineffective for failing to hire an expert to evaluate whether a telephone recording had been edited (Dkt. 32-4). The Michigan Court of Appeals denied leave to appeal because Petitioner "failed to establish that the trial court erred in denying the motion for relief from judgment." People v. Kirby, No. 336920, at PageID.1051 (Mich. Ct. App. July 7, 2017) (Dkt. 32-4). The

3

Michigan Supreme Court also denied leave to appeal. People v. Kirby, 903 N.W.2d 594 (Mich. 2017).

On September 5, 2018, the Court granted Petitioner's request to lift the stay and accepted his amended petition for filing (Dkt. 30). Respondent filed an answer to the second amended petition (Dkt. 31), and Petitioner filed a reply (Dkt. 33).

Petitioner seeks habeas relief on these grounds:

I. Petitioner should be granted a writ of habeas corpus where he was deprived of his constitutional right to present a defense when counsel waived Petitioner's right to enter a conditional plea.

II. Petitioner should be granted a writ of habeas corpus because he was deprived of his Amends. V and XIV rights of due process and his Amend. VI right to effective assistance of counsel when counsel failed to seek a conditional plea and then failed to pursue interlocutory appeal.

III. Petitioner should be granted a writ of habeas corpus because he was deprived of his constitutional right to present a defense by counsel's failure to investigate.

IV. Petitioner should be granted a writ of habeas corpus because he was deprived of his constitutional right to present a defense by prosecutorial misconduct.

V. Petitioner should be granted a writ of habeas corpus because his plea was rendered not knowing, intelligent, and voluntary by ineffective assistance of counsel, prosecutorial misconduct, or judicial abuse of discretion.

VI. Petitioner should be granted a writ of habeas corpus because there was no evidence presented at preliminary examination to support the assertion that an armed robbery took place, therefore the examining magistrate abused his discretion in binding the case over to circuit court, trial counsel was ineffective for failing to challenge the defective case and then for allowing the prosecutor to use that case as a bargaining chip, that was subsequently dismissed as part of Petitioner's plea bargain causing his plea bargain to be illusory, therefore involuntary.

VII. Petitioner should be granted a writ of habeas corpus because ineffective assistance for failure to raise these meritorious issues, substantiating good cause, and actual prejudice requirements of MCR 6.508(D).

VIII. Petitioner should be granted a writ of habeas corpus because due process violation for denial of transcripts and documents on appeal, further substantiating the good cause and actual prejudice requirement of MCR 6.508.

IX. Petitioner should be granted a writ of habeas corpus because the [trial court judge] abused his discretion when he denied Petitioner's motion for relief from judgment by means of a clearly erroneous finding of fact.

X. Petitioner should be granted a writ of habeas corpus because he was coerced into a guilty plea based upon altered evidence and the malfeasance of the prosecutor, thereby denying petitioner of his constitutional right to due process of law, . . . and mandating the right to withdraw his guilty plea.

XI. Petitioner should be granted a writ of habeas corpus because defense counsel of record Gabi Silver was ineffective for failing to investigate his claim that the telephonic audio recording as being altered/manipulated and requesting expert analysis, thereby denying him due process of law violating his [Sixth Amendment] right to counsel.

XII. Petitioner should be granted a writ of habeas corpus because appellate counsel of record, Arthur J. Rubner was ineffective for failing to investigate Petitioner's claim of altered evidence being used to coerce his guilty plea, and not requesting an evidentiary hearing on the issue, thereby denying petitioner of due process of law and violating his [Sixth Amendment] right to effective assistance of appellate counsel.

XIII. Petitioner should be granted a writ of habeas corpus because the trial court abused its discretion by denying his motion for relief from judgment because its decision was based on clearly erroneous findings of fact and misapplied the correct legal standards.

XIV. Petitioner should be granted a writ of habeas corpus because he was denied his state and federal right to effective assistance of counsel when trial counsel failed to challenge the content of a phone conversation identifying defendant Kirby as the voice on a recording allegedly making incriminating statements to DEA Special Agent Phil Muollo violating Kirby's right to due process consistent with MRE 901[ ](b)(5).

XV. Petitioner should be granted a writ of habeas corpus because he was denied his right to effective assistance of appellate counsel when appellate counsel failed to hire an audio forensic expert to examine and determine whether a telephone recording presented as incriminating evidence against defendant Petitioner had been edited and/or altered, or had not met the proper foundation for authentication consistent with MRE 901(b)(1) and for failing to argue that trial counsel was ineffective for not requiring the prosecution to prove that the voice on the recording was who they said it was pursuant to MRE 901(b)(5).

See Am. Pet. at PageID.927–928 (Dkt. 25).

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases." Shoop v. Hill, 139 S. Ct 504, 506 (2019). A federal court may grant habeas corpus relief only if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of," Supreme Court precedent that was "clearly established" at the time of the adjudication. 28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405–406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. To obtain habeas relief in federal court, a state prisoner must show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011)

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. Id. For claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

### III. DISCUSSION

**A. Statute of Limitations and Procedural Default**

Respondent argues that Petitioner's tenth through fifteenth claims are time-barred and that all but his first five claims are procedurally defaulted. Neither the statute of limitations nor

6

the procedural default doctrine is a jurisdictional bar to habeas review.  LaMar v. Houk, 798 F.3d 405, 415 (6th Cir. 2015); Lambrix v. Singletary, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [merits] question priority . . . , if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."). A federal court may proceed to the merits of a habeas petition rather than resolve the time-bar or procedural default question.  LaMar, 798 F.3d at 415.  When addressing a statute of limitations or procedural default issue "would only complicate [a] case," a court may choose to "cut to the merits" of a petitioner's claims.  Thomas v. Meko, 915 F.3d 1071, 1074 (6th Cir. 2019).  In this case, the timeliness and procedural default questions are complicated by the stays in the habeas proceeding and the multiple proceedings on state-court collateral review.  The Court opts to proceed to the merits of Petitioner's claims.  See Jordan v. City of Detroit, 557 F. App'x 450, 454 n.3 (6th Cir. 2014) (endorsing a "merits first" approach whereby courts "address straightforward merits questions rather than complicated affirmative defenses").

### B. Ineffective Assistance of Counsel (Claims I–III, XI, XIV)

Petitioner raises multiple claims concerning the quality of his attorney's representation. First, he argues that his attorney was ineffective for failing to negotiate a conditional plea (claims I and II).  Second, Petitioner also challenges counsel's failure to investigate the case, including counsel's failure to challenge the authenticity of a recorded phone conversation between Petitioner and a federal agent (claims III, XI, and XIV).

Petitioner raised his first three claims on direct review.  The Michigan Court of Appeals denied leave to appeal for lack of merit in a one-sentence summary order.  People v. Kirby, No. 307075 (Mich. Ct. App. Feb. 13, 2012).  Absent some indication to the contrary, this type of summary order is considered an adjudication on the merits to which AEDPA deference applies. See Harrington v. Richter, 562 U.S. 86, 99–100 (2011).  Because Petitioner offers no basis for rebutting that presumption and the Court finds none, AEDPA's deferential standard of review

7

applies. Similarly, Petitioner's eleventh and fourteenth claims were denied in summary fashion on state-court collateral review (Dkt. 32-3). AEDPA's deferential standard of review applies to these claims as well because the Court presumes the summary denial was on the merits.

To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 56–59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

Petitioner argues that counsel was ineffective in failing to negotiate a conditional plea. It appears that Petitioner believes counsel should have secured a conditional plea to preserve an appeal of the trial court's decision regarding the admissibility of a recorded phone conversation between Petitioner and a federal agent and to argue that the prosecution failed to provide full discovery. To succeed on this claim, Petitioner must show that he was prejudiced by his counsel's failure to obtain a conditional plea. Premo v. Moore, 562 U.S. 115, 128–129 (2011).

In Michigan, "[a] conditional plea preserves for appeal a specified pretrial ruling or rulings notwithstanding the plea-based judgment and entitles the defendant to withdraw the plea if a specified pretrial ruling is overturned on appeal." Mich. Ct. R. 6.301(C)(2). But a conditional plea requires the approval of the trial court and the prosecutor. See Mich. Ct. R. 6.301(C). Petitioner cannot establish prejudice without a showing that counsel could have successfully negotiated such a plea agreement. See United States v. Moya, 676 F.3d 1211, 1214

8

(10th Cir. 2012) (holding that defendant could not show counsel was ineffective in failing to negotiate a conditional plea where he alleged no facts to suggest that his attorney could have successfully negotiated a conditional plea); United States v. Alvarez-Quiroga, 901 F.2d 1433, 1437 (7th Cir. 1990) (holding counsel was not ineffective for failing to secure conditional plea because a conditional plea is not just choice of defendant, but rather requires that both Government and court find such plea acceptable). Petitioner has made no showing the prosecutor would have agreed to a conditional plea. In fact, during the hearing on Petitioner's motion to withdraw plea, the prosecutor stated that there was no indication that the prosecutor's office ever offered or would have offered a conditional plea. 9/30/11 Hr'g Tr. (Dkt. 19-4, PageID.519). On this record, the state court's decision that counsel was not ineffective for failing to secure a conditional plea is not contrary to or an unreasonable application of Supreme Court precedent.

Petitioner also maintains that since counsel did not negotiate a conditional plea, counsel should have pursued an interlocutory appeal. But the basis for an interlocutory appeal is unclear. To the extent that Petitioner believes counsel should have challenged the denial of his motion to withdraw plea, he is unable to show prejudice because the Michigan Court of Appeals found this claim to be meritless on direct appeal and, as discussed below, he fails to show that his plea was involuntary.

Next, Petitioner argues that his attorney's failure to investigate his case violated his right to present a defense. Specifically, he claims that counsel failed to investigate available substantial defenses, such as alibi, entrapment, impeachment of prosecution witnesses, the alteration of a recorded phone conversation, or a beating he sustained in 2009 during pretrial incarceration at the Wayne County Jail.

Petitioner's claims are not supported by the record. The plea hearing shows that defense counsel considered Petitioner's potential defenses and witnesses and their related weaknesses.

9

For instance, Petitioner argued that co-defendant Adam Mastaw could testify that he was forced to give a statement implicating Petitioner. Defense counsel pointed out that Mastaw's testimony would not benefit Petitioner because Mastaw pleaded guilty and his statement implicated Petitioner. 1/24/11 Hr'g. Tr. at PageID.473. Defense counsel explained that other potential defense witnesses cited by Petitioner were similarly problematic for the defense. Further, the record shows that counsel attempted to investigate an alibi witness, but Petitioner's own unwillingness to share the witness's identity prevented her from doing so. She explained to the court:

> The [alibi] notice has to be filed 10 days before trial, and Mr. Kirby needs to tell me today because it is two weeks before trial, and I need to locate this person, and I need to have that person interviewed before I list that person to make sure that that person is going to give favorable testimony for Mr. Kirby and not damage Mr. Kirby's case any further.

Id. at 478.

This record shows that defense counsel carefully considered witnesses and, as a matter of trial strategy, made determinations about their value to the defense. Counsel's analysis and decision-making represents the strategic choices expected of competent counsel. Petitioner fails to overcome the "strong presumption" that defense counsel's investigation fell "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

With regard to Petitioner's claim that counsel failed to investigate an assault by sheriff's deputies during his pretrial incarceration and that he entered a plea in fear that he would be assaulted again, Petitioner fails to state a claim. During the plea hearing, Petitioner stated that no one threatened, forced, or pressured him to convinced him to plead guilty. Id. at 501. Petitioner is bound by those statements. Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999).

Petitioner mentioned the assault during his plea hearing, in an attempt to receive credit for pretrial detention against the sentence imposed in this case. 1/24/11 Hr'g. Tr. at PageID.499–500. But as the trial court had already mentioned, because Petitioner was on probation when he

was arrested, the pretrial detention would be credited to the offense of probation and would be "dead time" on the sentence to which he was pleading. Id. at PageID.498–499. In response, Petitioner stated that he had been assaulted by deputies and asked whether that could "be worth a little time?" Id. at PageID.499. In response, the court continued to advise Petitioner of the rights he would be giving up by pleading guilty, including the right "to make an claim that this plea was the result of any promises or threats that were not disclosed during the course of the plea proceeding or that it wasn't your choice to plead. Id. at PageID.498–501. After Petitioner acknowledged the rights he was giving up, id. at PageID.501, the court proceeded to sentencing. Nothing in this exchange indicates that Petitioner felt coerced to enter a plea. As such, he cannot show that counsel was ineffective for failing to pursue this claim.

Finally, Petitioner challenges defense counsel's handling of a recorded conversation between Petitioner and undercover DEA Agent Muollo. As part of an ongoing narcotics investigation, Agent Muollo discussed purchasing narcotics from Petitioner. Id. at PageID.484–485. During one of these conversations, Petitioner mentioned selling stolen weapons to Agent Muollo. Id. The prosecution filed a pretrial motion to admit the recording at trial. The trial court found the tape admissible provided the recording was edited to delete the references to drug sales. Id. at PageID.491.

Petitioner maintains that the Muollo recording played for the trial court was altered to exclude exculpatory statements he made denying direct involvement with the stolen guns. Petitioner advised defense counsel of the alterations, but asserts that counsel failed to investigate his claim. In fact, the record shows that defense counsel responded to Petitioner's claim by obtaining a copy of the recording directly from Agent Muollo and comparing the recording to the recording played in court. 2/17/11 Sentencing Tr. at PageID.507 (Dkt. 19-3). She found no discrepancies between the tapes and concluded that Petitioner's concerns were unsupported by the evidence. Id. at PageID.507–508. Having reached this conclusion, she found no further

investigation necessary. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. Petitioner fails to show that defense counsel's decision not to further investigate the Muollo recording was unreasonable, particularly where counsel was able to secure the dismissal of all but two charges and a sentence agreement of eight to twenty years, thereby avoiding a potential life sentence. Habeas relief is denied on these claims.

### C. Prosecutorial Misconduct (Claims IV, X)

In his fourth and tenth claims, Petitioner argues that habeas relief is warranted because the prosecutor engaged in misconduct. Specifically, he claims the prosecutor failed to investigate allegations that Petitioner was assaulted and threatened at the jail and that the prosecutor knowingly presented an altered tape recording of his conversation with DEA Agent Muollo.

A valid guilty plea generally forecloses claims alleging the deprivation of constitutional rights occurring before the entry of the plea. See United States v. Broce, 488 U.S. 563, 569 (1989); Tollett v. Henderson, 411 U.S. 258, 267 (1973). "This includes due process claims of prosecutorial misconduct unless it appears from the face of the indictment or the record at the time the guilty plea was entered that the government lacked the power to prosecute." United States v. Ayantayo, 20 F. App'x 486, 487–488 (6th Cir. 2001) (citing Tollett, 411 U.S. at 266–267; United States v. Broce, 488 U.S. 563, 574–575, (1989)). As the Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett, 411 U.S. at 267. Accordingly, Petitioner's guilty plea waived his right to claim prosecutorial misconduct based on pre-plea conduct. Petitioner's claim that the prosecutor's

conduct induced him to plead guilty is meritless because, as discussed below, Petitioner's plea was knowing, intelligent, and voluntary.

### D. Voluntariness of Plea (Claim V)

In his fifth claim, Petitioner argues that his guilty plea was rendered involuntary by ineffective assistance of counsel, prosecutorial misconduct, and judicial abuse of discretion.

To be valid, a guilty plea must be voluntarily and intelligently made. Brady v. United States, 397 U.S. 742, 748–749 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." Id. at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." Id. at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. Id. at 755, 757 (punctuation modified).

Here, before accepting his plea, the trial court advised Petitioner of the rights he was giving up by pleading guilty; advised him of the terms of the plea agreement; determined that no promises, other than those stated on the record, had been made; and determined that nobody had threatened him to force him to enter the plea. Petitioner indicated that he understood the rights he would waive by entering a plea, that he understood the sentence agreement, and that no other promises had been made to him.

In cases challenging the voluntariness of a plea agreement, a petitioner is bound by any in-court statements made regarding the petitioner's understanding of the plea. See Ramos, 170 F.3d at 564. "If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless. . . . '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'" Id. at 566 (quoting Baker v. United States, 781 F.2d 85, 90

13

(6th Cir. 1986)). Petitioner expressed understanding of the plea agreement and that he was not forced into entering a plea.

Petitioner claims if counsel had been acting effectively, it is probable that he would have been acquitted of all the charges, with the possible exception of the escape charge. He also asserts numerous fact-based arguments which he maintains show evidence was doctored, he was unlawfully framed, police and witnesses altered and fabricated evidence, and, in short, establish his innocence. None of these arguments renders his plea involuntary. They are, instead, elements to be considered before entering a plea. Criminal defendants often decide to plead guilty based upon the strength of the case against them and the likelihood of conviction. A plea is not rendered involuntary simply because a defendant misapprehended the strength of the prosecution's case. Petitioner's claim that he is innocent and was unlawfully framed also does not render his plea involuntary. The United States Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. North Carolina v. Alford, 400 U.S. 25, 37–38 (1970).

The record supports the state court's conclusion that Petitioner's plea was knowingly and voluntarily entered. Habeas relief is denied.

### E. Illusory Plea Bargain (Claim VI)

Next, Petitioner argues that his plea was illusory because the state district judge improperly bound his case over to the circuit court where there was "no evidence presented at preliminary examination to support the assertion that an armed robbery took place." Am. Pet. at PageID.927. The armed robbery charge was then used by the prosecutor as "a bargaining chip that was subsequently dismissed as part of [Petitioner's] plea bargain causing his plea bargain to be illusory." Id. Further, Petitioner alleges that defense counsel was ineffective for failing to challenge the bind-over.

14

Petitioner's guilty plea waived his right to challenge the sufficiency of the pre-trial procedure and to challenge his attorney's handling of the pre-trial procedure. See Tollett, 411 U.S. at 267; Rice v. Olson, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. July 15, 2016) (affirming district court's holding that petitioner's "guilty plea waived his right to challenge the sufficiency of the complaint and arraignment procedures").

Further, there is no evidentiary support for this claim in the record. The trial court denied this claim because the record "clearly indicate[d] that Defendant waived his preliminary examination." 12/20/2013 Order at PageID.590 (Dkt. 19-6). The trial court also found that the armed robbery charge was sound, that it was properly used to negotiate a plea agreement and that Petitioner received a "clear benefit of his plea bargain." Id. Further, the trial court held that counsel was not ineffective in failing to raise a meritless objection. Id. Petitioner fails to show that the state court's decision was contrary to, or an unreasonable application of, Supreme Court precedent.

### F.  Denial of Transcripts and Documents on Appeal (Claim VIII)

Next, Petitioner argues that he was denied his right to a meaningful appeal because he was not provided with copies of transcripts and relevant documents.

A criminal defendant has no federal constitutional right to self-representation on direct appeal. Martinez v. Court of Appeal of California, 528 U.S. 152, 163 (2000). Thus, there is no constitutional right to submit a pro se appellate brief on direct appeal in addition to a brief submitted by appellate counsel and no right to receive transcripts to assist in the filing of a pro se appellate brief. Green v. Chapman, No. 20-1158, 2020 WL 4875317, *5 (6th Cir. June 29, 2020) (holding that petitioner did not have constitutional right to transcripts so he could submit a pro se brief on appeal because he was represented by counsel and criminal defendants do not have a constitutional right to "hybrid representation"). Therefore, this claim fails to state a constitutional violation.

15

### G. Ineffective Assistance of Appellate Counsel (Claims VII, XII, and XV)

Next, Petitioner argues that appellate counsel was ineffective in failing to raise on direct review the additional claims raised in the pending habeas petition.

The Sixth Amendment guarantees a defendant the right to effective assistance of counsel on the first appeal by right. See Evitts v. Lucey, 469 U.S. 387, 396–397 (1985). But a defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 754 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

Id. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).

Counsel is not ineffective for failing to raise a meritless claim on direct review. Bennett v. Brewer, 940 F.3d 279, 286 (6th Cir. 2019). Because the Court has determined that the claims not raised on direct appeal lack merit, appellate counsel was not ineffective for failing to include them on direct review.

### H. Denial of Motion for Relief from Judgment (Claims IX and XIII)

In his ninth claim and thirteenth claims, Petitioner argues that the trial court rested its decision to deny his motion for relief from judgment on a clearly erroneous finding of fact regarding the tape-recorded conversation with Muollo. In support of his claim that the tape recording had been altered, he submitted a report, dated May 22, 2014, authored by forensic video and audio expert Edward Primeau. Primeau Report at PageID.1003–1012. (Dkt. 32-2). Primeau analyzed a digital recording of the Muolla conversation provided by Petitioner's father.

16

He found that the recording contained four anomalies[3] and concluded that the recording was "not genuine or authentic" Id. at 1012. The trial court noted that the recording had been in the custody of Petitioner or his family for four years before it was examined by Primeau and had not been authenticated as an accurate copy of the original recording. People v. Kirby, No. 10-004084, at PageID.1049. The court held that Primeau's reported findings, therefore, did not support Petitioner's claims. Id.

The factual finding by the state court is binding on this Court unless Petitioner can show that it is clearly erroneous. Earhart v. Konteh, 589 F.3d 337, 349 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)). Petitioner disagrees with the state court's conclusion regarding the authenticity of the tape-recording and the potential impact on his defense, but his disagreement falls far short of establishing that the trial court's finding was clearly erroneous.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

---

[3] The report details four anomalies in the recording, but the report's conclusion states that there were three anomalies. Primeau Report at PageID.1012. This discrepancy does not impact the Court's resolution of this issue.

## V. LEAVE TO PROCEED IN FORMA PAUPERIS

The standard for granting an application for leave to proceed in forma pauperis is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. Id. at 764–765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. The Court finds that an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id.

## VI. CONCLUSION

For the reasons set forth above, the Court denies the petition for writ of habeas corpus, declines to issue a certificate of appealability, and grants leave to appeal in forma pauperis.

SO ORDERED.

Dated: July 30, 2021  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2021.

s/Karri Sandusky  
Case Manager